UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                              Plaintiff,                      8:24-cv-27 (BKS/DJS)

v.

ADIRONDACK MEDICAL CENTER d/b/a Adirondack
Health,

                              Defendant.
_____

**Appearances:**

*Plaintiff pro se*:
Scott Phillip Lewis
Lake Placid, NY 12946

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Scott Phillip Lewis commenced this proceeding on January 7, 2024, alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Dkt. No. 1). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 3). This matter was referred to United States Magistrate Judge Daniel J. Stewart. (*Id.*). On January 10, Plaintiff filed a motion to allow medical records that he filed along with his Complaint to be made publicly accessible. (Dkt. No. 5). On January 23, Plaintiff filed a request that a proposed summons be issued, which Magistrate Judge Stewart denied. (Dkt. Nos. 7, 9). Following the denial, Plaintiff filed a motion for reconsideration and a supporting memorandum of law. (Dkt. Nos. 10, 11-1). On February 20, Magistrate Judge Stewart denied Plaintiff's motion for reconsideration. (Dkt. No. 12). Then, on

February 29, Magistrate Judge Stewart granted Plaintiff's application to proceed IFP, issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed with leave to amend, and issued an order denying Plaintiff's motion to make his medical records public. (Dkt. Nos. 13–14). Plaintiff has timely filed objections to the Report-Recommendation and Order, and has appealed the order denying his request for the issuance of the summons. (Dkt. Nos. 15–16).[1] For the reasons set forth below, the Report-Recommendation is adopted and Plaintiff's appeals are denied.

**II.  STANDARD OF REVIEW**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly

---

[1] The Court has construed Plaintiff's objection to Magistrate Judge Stewart's order, denying the motion to make the medical records publicly available as an appeal from that order.

preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

A magistrate judge may issue orders regarding nondispositive pretrial matters, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (citations and internal quotation marks omitted). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)).

**III.   REPORT-RECOMMENDATION**

In the Report-Recommendation, Magistrate Judge Stewart first provided a "Summary of the Complaint," in which he outlined Plaintiff's factual allegations, referencing both the Complaint and the medical records Plaintiff attached as exhibits to the Complaint. (Dkt. No. 14, at 3–4 (citing Dkt. Nos. 1, 2)). Then, analyzing the substance of the Complaint, Magistrate Judge Stewart explained that to the extent the Complaint alleged a claim for medical malpractice, such a claim is not actionable under either the ADA or the Rehabilitation Act. (*Id.* at 4). Next, Magistrate Judge Stewart explained that Plaintiff's "allegation that Defendant forced [him] to undergo the intake procedure a second time for financial reasons" was conclusory and, in any event, failed to allege facts indicating Defendant discriminated against him because he was disabled. (*Id.* at 5). Magistrate Judge Stewart further noted the medical records Plaintiff attached

to the Complaint showed that the delay was caused by Plaintiff, not Defendant. (*Id.* (noting it "was Plaintiff's own lack of follow through that resulted in a delay in his treatment" (citing Dkt. No. 2, at 13))). Magistrate Judge Stewart therefore concluded that as Plaintiff failed to plead a "nexus between the disabilities alleged and the purported delay in service" he "failed to allege discrimination in treatment sufficient to pursue either claim." (*Id.*). Finally, Magistrate Judge Stewart recommended the dismissal of Plaintiff's ADA claims "since he seeks only monetary damages, and a Title III ADA claim" only permits injunctive relief. (*Id.* at 6).

## IV.  DISCUSSION

### A.  Objections to the Report-Recommendation

Plaintiff has not raised any objections to the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 16). The Court therefore adopts Magistrate Judge Stewart's summary of the applicable law and presumes familiarity with that matter for the purposes of this decision.

#### 1.  "Summary of the Complaint"

Plaintiff objects to the Report-Recommendation's "Summary of the Complaint," arguing that the Summary "shows a reckless bias." (*Id.* at 2). Specifically, he objects to Magistrate Judge Stewart's statement that Plaintiff's "medical records indicate that he did not schedule follow-up appointments." (*Id.* at 3 (quoting Dkt. No. 14, at 4)). Construing Plaintiff's objection to raise the strongest argument it suggests, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), Plaintiff appears to argue that Magistrate Judge Stewart impermissibly relied on the medical records attached to the Complaint and violated the requirement that all plausible inferences be drawn in Plaintiff's favor by inferring from the records that Plaintiff did not schedule follow-up appointments.

4

At the pleadings stage, "the Court 'may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.'" *Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 369–70 (N.D.N.Y. 2019) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 662 F.3d 104, 111 (2d Cir. 2010)). Upon reviewing the Report-Recommendation's Summary *de novo*, the Court finds that the Summary accurately summarizes the facts as alleged in the Complaint and in the accompanying medical records. With respect to follow-up appointments, the "Physical Therapy Discharge Summary," dated April 27, 2022, states that Plaintiff "has not been seen since his evaluation on 2/28. Since he has not attempted to schedule additional appointments he is being discharged on this date." (Dkt. No. 2, at 13). This statement is correctly reflected by the Report-Recommendation's description that the "medical records indicate [Plaintiff] did not schedule follow-up appointments." (Dkt. No. 14, at 4).

According, the Court adopts the Summary of the Complaint as stated in the Report-Recommendation.

### 2. ADA and Rehabilitation Act Claims

Plaintiff objects to Magistrate Judge Stewart's recommendation that his Title III ADA and Rehabilitation Act claims be dismissed. (Dkt. No. 16, at 3–5). First, he argues that the Report-Recommendation erroneously found that Plaintiff has not claimed "that he was denied service outright," because "[i]t can be liberally construed that Plaintiff's complaint outlines that he did not receive physical therapy for the physical injuries that treatment was seeked [sic] for." (*Id.* (quoting Dkt. No. 14, at 4 n.2)). Second, Plaintiff objects to Magistrate Judge Stewart's finding that Plaintiff's factual "allegation that Defendant forced Plaintiff to undergo the intake procedure a second time for financial reasons" was "conclusory" and "insufficient to state a claim" because "Defendant's goal was to use Plaintiff's mental impairments against him for

5

monetary incentives while ultimately denying [him] the care he seeked [sic]" and that "[t]hese decisions were made because Plaintiff suffered from mental impairments." (*Id.* at 3 (quoting Dkt. No. 14, at 5)). Third, Plaintiff objects to the statement in the Report-Recommendation that the medical records "not[ed] that Plaintiff had not attempted to schedule appointments following consultation"; Plaintiff asserts that he "absolutely attempted to schedule appointments following initial consultations" and that "[i]nstead of providing physical therapy after Plaintiff's initial evaluation, Defendant milked Plaintiff's insurance and ultimately did not treat Plaintiff." (*Id.* at 4 (quoting Dkt. No. 14, at 5)). Fourth, Plaintiff objects to the Report-Recommendation's determination that he failed to plead a "nexus between the disabilities alleged and the reported delay in service," arguing that he "outlined the disabilities and never being treated by Adirondack Health for the injuries possessed within the original complaint." (*Id.* (quoting Dkt. No. 14, at 5)).

Each of these objections fail. Magistrate Judge Stewart correctly considered the medical records Plaintiff attached to the Complaint in evaluating Plaintiff's claims. *See Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 176 n.7 (E.D.N.Y. 2015) (explaining that when "the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint." (quoting *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994)), *aff'd* F.3d 1458 (2d Cir.) (table decision)).

However, even setting the medical records aside, the Complaint itself fails to allege facts showing that Defendant discriminated against him based on a disability by delaying or denying physical therapy services, or in requiring that Plaintiff obtain "new referrals and evaluations . . . to begin physical therapy." (Dkt. No. 1, ¶ 24); *see Andrews v. Blick Art Materials, LLC*, 268 F.

6

Supp. 3d 381, 387 (E.D.N.Y. 2017) ("To state a claim under Title III . . . [a plaintiff] must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008))). There are no facts alleged in the Complaint that would allow a plausible inference that Defendant denied Plaintiff treatment or that any action or inaction by Defendant was based on Plaintiff's disability. Indeed, as Magistrate Judge Stewart observed, Plaintiff's allegations are conclusory. (Dkt. No. 14, at 5). Plaintiff alleges for example, "[i]nstead of receiving proper treatment, Plaintiff's disability was used to take advantage of Plaintiff financially while Defendant denied treatment." (Dkt. No. 1, ¶ 46). Such an allegation by itself cannot plausibly suggest disability discrimination. *See Doe v. NYSARC Trust Serv., Inc.*, No. 20-cv-801, 2020 WL 5757478, at *6, 2020 U.S. Dist. LEXIS 177574, at *17–18 (N.D.N.Y. Sept. 28, 2020), *report and recommendation adopted*, 2020 WL 7040982, 2020 U.S. Dist. LEXIS 224184 (N.D.N.Y. Dec. 1, 2020) (finding Plaintiff's allegations that rather than working with Plaintiff to find an accommodation, Plaintiff was barred from Defendant's premises "solely because of his schizophrenia and mild mental retardation" to be "wholly conclusory" and recommending the claim be dismissed). Plaintiff has not alleged that the policy itself is discriminatory against those with disabilities. *See Aiken v. Nixon*, 236 F. Supp. 2d 211, 225 (N.D.N.Y. 2002) (finding allegations of discrimination "insufficient" to defeat a motion to dismiss where "Plaintiffs do not allege that any individual has been denied any benefit or service on the basis of a disability. Rather . . . in their claims for injunctive relief, plaintiffs challenge a general state policy that is applicable to all who enter . . . and plaintiffs do not allege that this policy differentiates in its applicability based upon a disability."). Nor has Plaintiff alleged facts

7

suggesting the "policies and procedures were applied in a discriminatory way." *See Andersen v. North Shore Long Island Jewish Healthcare Sys.'s Zucker Hillside Hosp.*, No. 12-cv-1049, 2013 WL 784391, at *10, 2013 U.S. Dist. LEXIS 29972, at *26–27 (E.D.N.Y. Jan. 23, 2013), *report and recommendation adopted as modified*, 2013 WL 784344, 2013 U.S. Dist. LEXIS 28602 (E.D.N.Y. Mar. 1, 2013). Thus, Plaintiff's objections are without merit.

Finally, Plaintiff objects to the Report-Recommendation's assessment that "the complaint should be dismissed 'since [Plaintiff] seeks only monetary damages" as both "erroneous" and "contrary to law." (Dkt. No. 16, at 4 (quoting Dkt. No. 14, at 6)). However, "[i]t is well established that Title III of the ADA allows only for injunctive relief, not monetary damages." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (citing *Brief v. Albert Einstein College of Medicine*, 423 F. App'x 88, 90 (2d Cir. 2011)). Despite his objection, Plaintiff did not assert in his Complaint (nor does he assert now) that he is seeking any form of injunctive relief. (*See* Dkt. No. 1, ¶¶ 67, 69 (asserting that he seeks "[a]ctual [d]amages," "[c]ompensatory damages," "[p]unitive or exemplary damages," "[c]osts of [c]ourt," "[p]rejudgment and postjudgment interest," "[u]nliquidated damages," and "all over relief to which Plaintiff is justly entitled."); Dkt. No. 16, at 4).

Accordingly, the Court agrees with the Report-Recommendation that Plaintiff's ADA and Rehabilitation Act claims should be dismissed with leave to amend.

**V.    Appeals of Magistrate Judge Decisions**

Plaintiff also appeals the Magistrate Judge's decisions to: (1) deny Plaintiff's requests to issue summonses; and (2) deny Plaintiff's motion to make his medical records publicly available. (Dkt. Nos. 15, 16). The Court finds that neither decision is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

  A.  **Denial of Request to Issue Summons**

On January 23, 2024, Plaintiff filed a letter motion requesting the issuance of a proposed summons pursuant to Rule 4(b) of the Federal Rules of Civil Procedure. (Dkt. No. 7). Plaintiff asserted that the summons should be issued as the Complaint had been filed and "[t]he summons have [sic] been properly completed and presented to this Court," arguing that "[t]he pending Motion for Leave in Forma Pauperis in this matter does not impact the issuance of a summons." (*Id.* at 1). In an Order entered on January 25, 2024 ("January Order"), Magistrate Judge Stewart denied Plaintiff's request as premature" because the Court had not yet ruled on Plaintiff's motion for IFP status or completed an "initial review of the Complaint[] pursuant to 28 U.S.C. § 1915." (Dkt. No. 9, at 3). Magistrate Judge Stewart explained that for purposes of Rule 4(b), a complaint is considered filed "when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." (*Id.* (quoting *Truitt v. Cnty. Of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Plaintiff appeals this decision on the grounds that refusing to issue the summons violates Rule 4 and constitutes unequal treatment under the Fifth Amendment. (Dkt. No. 15, at 1–4).

Here, the Magistrate Judge correctly applied the law. Courts in the Second Circuit have found that a "[p]laintiff's action was not properly filed until this Court granted his IFP application." *Perkins v. Napoli*, No. 8-cv-6248, 2012 WL 5464607, at *3, 2012 U.S. Dist. LEXIS 160534, at *9 (W.D.N.Y. Nov. 8, 2012) (citing *Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995)). Therefore, as Plaintiff's IFP application was still pending at the time Plaintiff requested the issuance of the summonses and the filing fee had not been paid, Magistrate Judge Stewart's finding that Plaintiff's Complaint had not yet been filed for purposes of Rule 4(b) was neither clearly erroneous nor contrary to law. Furthermore, treating litigants differently based on IFP status does not implicate a suspect class, and thus does not constitute a Fifth Amendment

9

violation. *See Dicara v. Conn. Educ. Dep't*, No. 8-cv-627, 2008 WL 5083622, at *2, 2008 U.S. Dist. LEXIS 96372, at *5–6 (D. Conn. Nov. 26, 2008) ("[P]overty is not a suspect classification for the purposes of equal protection analysis." (citations omitted)). Plaintiff's appeal of the January Order is therefore denied.

### B. Denial of Motion to Make Medical Records Public

Plaintiff filed a motion to make the medical records that he filed public on January 10, 2024, stating that he "intended to make all exhibits publicly accessible." (Dkt. No. 5). Along with his Report-Recommendation, Magistrate Judge Stewart rejected Plaintiff's motion in an Order ("February Order"), explaining that "[p]ursuant to General Order 22 of the Northern District medical records in any case are filed on the Court's docket in a manner that restricts public access" and that "Plaintiff's stated desire to have his medical records more readily available is not a basis for departing from this Court's standard practice." (Dkt. No. 14, at 6–7). Plaintiff has characterized the February Order as "illogical" and claims "that he has irresponsibly shielded [the records] from the public." (Dkt. No. 16, at 2–3). Magistrate Judge Stewart accurately stated the applicable rule, and his decision is neither erroneous nor contrary to law. Plaintiff's appeal of the February Order is therefore denied.

### VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 14) is **ADOPTED**; and it is further;

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** with leave to amend; and it is further;

10

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further;

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further;

**ORDERED** that Plaintiff's appeal (Dkt. No. 15) of the January Order (Dkt. No. 9) is **DENIED** in its entirety; and it is further;

**ORDERED** that Plaintiff's appeal (Dkt. No. 16) of the Order (Dkt. No. 14) denying his motion (Dkt. No. 5) to make medical records publicly available is **DENIED** in its entirety; and it is further;

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 17, 2024
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge